**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 04, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 04, 2008**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-11829 |
| | ) | |
| GAIL SALVO, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### MEMORANDUM OF OPINION[1]

Before the Court is the motion for a stay pending appeal filed by Marvin A. Sicherman, the Chapter 7 trustee appointed in the debtor's case prior to conversion to Chapter 13. For the reasons that follow, the motion is denied.

### BACKGROUND

The debtor initially filed this case *pro se* under Chapter 7 on March 22, 2007. On May 7, 2007, attorney Kravitz entered a notice of appearance as counsel for the debtor and moved to convert the case to a proceeding under Chapter 13

---

[1] This opinion is not intended for official publication.

pursuant to 11 U.S.C. § 706. The Chapter 7 trustee opposed the motion, and the Court held an evidentiary hearing on July 31, 2007. After hearing testimony from the debtor and receiving other evidence by stipulation, the Court issued oral findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Fed. R. Civ. P. 52, as well as a written order granting the debtor's motion to convert to Chapter 13. *See* Transcript (Docket #60) and Order (Docket #40). On August 9, 2007, the Chapter 7 trustee filed a notice of appeal, and the appeal (N.D. Ohio Case No. 1:07CV3140) was assigned to the Honorable Donald C. Nugent, United States District Judge. In the meantime, Marvin Sicherman's services as trustee terminated upon conversion pursuant to 11 U.S.C. § 348(e), and the bankruptcy case has proceeded with Craig Shopneck as the Chapter 13 trustee. An adjourned confirmation hearing is scheduled for May 1, 2008. On March 21, 2008, the Chapter 7 trustee filed a motion for a stay pending appeal, and on March 27, 2008, the debtor filed a brief in opposition. The Court heard argument on April 3, 2008, and is now ready to rule.

## DISCUSSION

### *Standard for Determining Whether to Issue a Stay Pending Appeal*

Under Bankruptcy Rule 8005, the factors to be considered by a court in determining whether a stay or injunction pending appeal should issue are:

2

(1) whether the applicant has demonstrated a likelihood of success on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether

issuance of the stay will substantially injure the other interested parties; and

(4) whether the public interest would be served by issuing the stay. *See Mich.*

*Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153

(6th Cir. 1991) ("These factors are not prerequisites that must be met, but are

interrelated considerations that must be balanced together."); *In re Dow Corning*

*Corp.*, 255 B.R. 445, 542 (E.D. Mich. 2000); *In re Best Reception Sys., Inc.*,

219 B.R. 988, 992-94 (Bankr. E.D. Tenn. 1998) (applying Rule 8005 and

*Griepentrog* standard); *In re Abbo*, 191 B.R. 680, 682 (Bankr. N.D. Ohio 1996)

(same).

### Application of Standard to Chapter 7 Trustee's Motion

In applying these factors to the circumstances of this case, the Court first

concludes that the Chapter 7 trustee's appeal has little likelihood of success on the

merits for two reasons. First, the Chapter 7 trustee's appeal is in all likelihood an

interlocutory appeal which the district court *may* agree to hear, but this Court sees

little reason why the district court would choose to hear an appeal from an

interlocutory order when this Court is close to rendering a final decision on

confirmation of the debtor's Chapter 13 plan. Second, even if the district court

3

were to hear the Chapter 7 trustee's appeal, it is unlikely that the district court would find that this Court erred when it held that the debtor should be given the opportunity to demonstrate that she can propose a Chapter 13 plan in good faith, with the option of reconverting the case to Chapter 7 if the debtor's plan cannot meet the good faith and other requirements for confirmation under Chapter 13. These two issues are discussed more fully below.

*The Order Granting the Debtor's Motion to Convert is Most Likely Not a Final Appealable Order, Making this an Interlocutory Appeal Which the District Court Would Likely Decline to Hear*

The order granting the debtor's motion to convert is most likely not a final appealable order, even under the flexible standard that the Supreme Court, the Sixth Circuit, and other courts have applied to bankruptcy cases. *See Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657 n.3 (" 'orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case' "; *quoting In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir. 1983) (majority opinion of Breyer, J.)); *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996); *In re Cottrell*, 876 F.2d 540, 541-42 (6th Cir. 1989); *In re WCI Steel, Inc.*, 338 B.R. 1 (N.D. Ohio 2005) (bankruptcy court's denial of confirmation without prejudice to proposing modified Chapter 11 plan was interlocutory order, and district court would decline to hear interlocutory

4

appeal).  As Judge Economus noted in *WCI Steel*, "The Sixth Circuit, like many courts, takes a relaxed view of 'finality' for bankruptcy orders as compared with orders issued by the district court." 338 B.R. at 8 (citations omitted).   "Thus, a bankruptcy order is final for purposes of appeal when it 'disposes of discrete disputes within the larger case.' " *WCI Steel, Inc.,* 338 B.R. at 8, *quoting Dow Corning*, 86 F.3d at 488.  *Accord In re Ragle*, No. 07-CV26-KKC, 2007 WL 4259609, at *3 (E.D. Ky. Dec. 3, 2007) (denial of motion to dismiss bankruptcy petition for abuse not a final order, and district court declined to hear interlocutory appeal).

In the present case, the order granting the debtor's motion to convert did not end the bankruptcy case.  Nor did it even finally decide the narrower issue of the debtor's good faith.  The Chapter 13 trustee, all creditors, and even the Chapter 7 trustee (as a creditor holding an administrative claim) all remain free to assert that the debtor's Chapter 13 plan should not be confirmed for failure to meet the good faith or other requirements for confirmation under Chapter 13.  Moreover, if for any reason the debtor's Chapter 13 case is not confirmed, the same parties, including the Chapter 7 trustee, remain free to move for an order reconverting the case to Chapter 7 pursuant to 11 U.S.C. § 1307(c).

There is ample case law to support the proposition that such an order

5

allowing conversion to Chapter 13 is an interlocutory order, even under the flexible

standard for finality that courts have applied to bankruptcy cases. *See In re Salem*,

465 F.3d 767, 774 (7th Cir. 2006) (order denying motion to convert was not a final

appealable order because "[i]t did not bring the . . . Chapter 13 petition to an end;

virtually the entire dispute remained, involving the same parties and the same

issues"); *In re Young*, 237 F.3d 1168, 1172-73 (10th Cir. 2001) (order converting

case from Chapter 7 to Chapter 13 was not final appealable order; even under more

flexible test, order under Chapter 13 is not final until Chapter 13 plan is approved);

*In re Sandoval*, No. 06-CV-01810-WYD, 2007 WL 4197586, at *4 (D. Colo.

Nov. 16, 2007) (bankruptcy court's order granting a motion to convert from

Chapter 7 to Chapter 13 was not final appealable order, and district court declined

to hear interlocutory appeal). As the Tenth Circuit stated in *In re Young*:

> [I]t is clear that an order under Chapter 13 is not final until a Chapter 13 plan
> has been approved. Otherwise, it would be impossible for creditors to
> determine in advance whether their interests truly had been adversely
> affected. The effect of the bankruptcy court's ruling in the Chapter 13
> context only becomes clear after the bankruptcy court has approved a
> Chapter 13 plan providing for the allocation of disposable income over a
> fixed period of months.

237 F.3d at 1172-73.

And while district courts *may* hear appeals from interlocutory orders under

28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003, the Court sees little reason why

6

the district court would choose to hear an appeal from an interlocutory order when this Court is close to rendering a final decision on confirmation of the debtor's Chapter 13 plan. Indeed, the situation is roughly analogous to that of a party who appeals an interlocutory order denying summary judgment and, seven months later, moves for a stay pending appeal just as the lower court is ready to try the case and render a final decision. *Cf. In re Salem*, 465 F.3d at 774 (the order is no more a final decision than an order denying summary judgment).

### Even If the District Court Were to Hear the Chapter 7 Trustee's Appeal, it Is Unlikely That the District Court Would Find That the Bankruptcy Court Erred

Even if the district court were to hear the Chapter 7 trustee's appeal, it is unlikely that the district court would find that this Court committed clear error when it held that the debtor should be given the opportunity to demonstrate that she can propose a Chapter 13 plan in good faith, with the option of reconverting the case to Chapter 7 if the debtor's plan cannot meet the good faith and other requirements for confirmation under Chapter 13. *See In re Alt*, 305 F.3d 413, 420 (6th Cir. 2002) ("we review the bankruptcy court's finding of bad faith for clear error").

In *Marrama v. Citizens Bank of Massachusetts*, ___U.S.___, 127 S. Ct. 1105 (2007), the Supreme Court held that a Chapter 7 debtor's right to convert to

7

Chapter 13 was not absolute, and the debtor, through his bad faith conduct, had forfeited his right to be a debtor under Chapter 13. At footnote 11, Justice Stevens, writing for the Court, declined to articulate with precision what conduct qualifies as "bad faith" sufficient to permit a bankruptcy judge to dismiss a Chapter 13 case or deny conversion from Chapter 7. He then added:

> It suffices to emphasize that the debtor's conduct must, in fact, be atypical. Limiting dismissal or denial of conversion to extraordinary cases is particularly appropriate in light of the fact that lack of good faith in proposing a Chapter 13 plan is an express statutory ground for denying plan confirmation. 11 U.S.C. § 1325(a)(3); *see In re Love*, 957 F.2d [1350, 1356 (7th Cir. 1992)] ("Because dismissal is harsh ... the bankruptcy court should be more reluctant to dismiss a petition ... for lack of good faith than to reject a plan for lack of good faith under Section 1325(a)").

*Marrama*, 127 S. Ct. at 1112 n.11. *Accord In re Copper*, 426 F.3d 810, 814 (6th Cir. 2005) (recognizing that conversion from Chapter 7 to Chapter 13 can be denied "in extreme circumstances").

In the present case, after hearing the testimony of the debtor and other evidence, this Court concluded that the debtor's actions were not such extreme circumstances as to justify the immediate dismissal of her case under Chapter 13. In so holding, this Court expressly reserved the right to deny confirmation of the debtor's Chapter 13 plan for lack of good faith. In other words, consistent with the *Love* decision, cited with approval in footnote 11 of *Marrama* and followed by the

8

Sixth Circuit in *In re Alt*, 305 F.3d at 420, this Court concluded that the debtor's conduct was such that she could survive a motion to dismiss for bad faith. Nevertheless, upon closer scrutiny, she could still end up with confirmation of her plan denied for lack of good faith under 11 U.S.C. § 1325(a) and her case reconverted to Chapter 7 under 11 U.S.C. § 1307(c). In short, nothing in *Marrama*, *Copper*, *Alt*, or the Bankruptcy Code dictates the harsh result that this Court deny such a debtor even the opportunity to propose a plan which might meet the good faith and other requirements for confirmation under Chapter 13. Accordingly, the Court concludes that the Chapter 7 trustee is unlikely to succeed on the merits of his appeal.

*The Other Factors Do Not Favor Granting a Stay Pending Appeal*

As for the remaining factors, the Court finds that the Chapter 7 trustee will not be irreparably harmed. The Chapter 7 trustee, as the holder of an administrative claim in the Chapter 13 case, remains free to object to confirmation of the debtor's plan for lack of good faith or any other ground. Indeed, consistent with footnote 11 of *Marrama* and *Alt*, a debtor could survive a motion to dismiss for bad faith, but still have a court deny confirmation of the debtor's plan for bad faith under 11 U.S.C. § 1325(a). Nor has the Chapter 7 trustee indicated how he would be irreparably harmed when he remains free to object to the debtor's

9

Chapter 13 plan and move for reconversion to Chapter 7 under 11 U.S.C.

§ 1307(c).  On the other hand, a stay could injure all creditors by delaying their

potential payments through a confirmed Chapter 13 plan, since the debtor's current

Chapter 13 plan proposes to pay all creditors in full.  Finally, there is no public

interest to be served in granting a stay.  Therefore, the relevant factors do not

support the granting of a stay pending appeal under Bankruptcy Rule 8005.

CONCLUSION

For the foregoing reasons, the Chapter 7 trustee's motion for a stay pending

appeal is denied.

IT IS SO ORDERED.

10